UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CURTIS HARPER,**
        Plaintiff,

   vs.

**COUNTY OF MONTEREY, ET AL.,**
        Defendants.

CASE NO. 18-cv-03695-YGR

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 67

Plaintiff Curtis Harper brings this civil rights action arising out of his arrest by the Salinas Police Department and subsequent incarcerations at the Monterey County Jail. The operative complaint alleges six causes of action. Before the Court is defendants County of Monterey, Christopher St. Clair, Gerald Arreola, and Reanna Lilga's motion to dismiss the third cause of action for racial discrimination and the sixth cause of action for *Monell* violations.[1]

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011).

The Court considers each cause of action at issue in turn.

---

[1] For the avoidance of any doubt, the sixth cause of action refers to paragraphs 117 through 130 of the first amended complaint, which are mis-labeled as the "fifth" cause of action.

1. **Third Cause of Action: Racial Discrimination**

Plaintiff's third cause of action against defendants County of Monterey, St. Clair, Arreola, and Lilga alleges racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. To state a claim under 42 U.S.C. section 1983 for violation of the Equal Protection Clause, a plaintiff must plead facts showing that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original).

In the operative complaint, plaintiff alleges that he is an "an African American man" and "observed that he was treated differently from the anglo-american inmates." Plaintiff further alleges that "[i]n repeated incidents, defendants treated him more harshly and punished him more severely than the white inmates at the jail." More specifically, plaintiff alleges that his race "was a motivating factor in the decisions to use excessive force, withhold sustenance, withhold medical treatment, plant false evidence . . . , and [] maliciously prosecute [p]laintiff with false charge[s]." Defendants argue that these allegations fail to raise an inference of discrimination. At this early juncture, however, it is sufficient that plaintiff has pleaded overt acts, particularly related to his mistreatment while in custody, and allegedly observed that white inmates were not similarly mistreated. Viewing the complaint in the manner most favorable to plaintiff, these allegations cross the line from mere labels and speculation to, at a minimum, plausible.[2] Thus, defendants' motion to dismiss plaintiff's racial discrimination claim is denied.

2. **Sixth Cause of Action: *Monell* Claim**

Plaintiff's sixth cause of action alleges the County of Monterey was deliberately

---

[2] The cases on which defendants rely do not counsel otherwise. Two of the cases, *Bingham v. City of Manhattan Beach*, 341 F.3d 939 (9th Cir. 2003) and *Thornton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005), arise in the summary judgment context. In the third case, *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977), the court dismissed plaintiff's religious discrimination claim because, unlike here, plaintiff failed to allege that he was terminated from his employment because of his religion. With respect to that plaintiff's claim of racial bias, the court found plaintiff's allegations sufficient to state a claim.

indifferent with respect to its policies, practices, customs, training, and supervision in violation of the First, Fourth, and Fourteenth Amendments. To establish liability for governmental entities under *Monell*, a plaintiff must prove: "(1) that []he possessed a constitutional right of which []he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-391 (1989) (internal quotation marks omitted)).

Here, plaintiff alleges that the County developed and maintained policies, procedures, customs, and practices exhibiting deliberate indifference to the constitutional rights of plaintiff and others like him. Plaintiff further alleges that the County created and tolerated an atmosphere of lawlessness and failed to properly train and supervise its officers. These allegations fail to support the *Monell* claim because they are conclusory. Although plaintiff is not required to identify the particulars of any specific policy at this juncture, his allegations must "give fair notice and [] enable defendants to defend [themselves] effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citation omitted). By omitting any facts regarding the actual practices, customs, training, and supervision challenged in this case, plaintiff fails to plead sufficiently a *Monell* claim. *Id.* (affirming dismissal of *Monell* claim where plaintiff failed to provide "any additional facts regarding the specific nature of th[e] alleged 'policy, custom, or practice'" at issue).

Plaintiff also urges the Court to take judicial notice of *Hernandez v. County of Monterey*, No. 13-cv-2354 PSG (N.D. Cal.), which plaintiff suggests lends further support to the *Monell* claim. In *Hernandez*, plaintiffs sued the County and others challenging the medical care, mental health care, safety, and disability access at Monterey County Jail. Plaintiff alleges that many of his complaints regarding the jail were documented as part of the post-settlement monitoring process in *Hernandez*. However, plaintiff fails to identify the specific policy, practice, or custom

3

at issue in *Hernandez* that supports his claims here, nor is it obvious from examining the pleadings or settlement agreement, which address several issues at the jail.[3]

As such, the *Monell* claim as asserted is subject to dismissal. Because amendment would not necessarily be futile, however, plaintiff's *Monell* claim is dismissed with leave to amend.[4]

\* \* \* \* \*

For the foregoing reasons, defendants' motion to dismiss is **DENIED** as to the third cause of action for racial discrimination and **GRANTED WITH LEAVE TO AMEND** as to the sixth cause of action under *Monell*. Any amended complaint must be filed within **twenty-one (21) days** of issuance of this Order. No new claims or parties may be added without leave of court or stipulation of the defendants. Any response to the amended complaint is due **twenty-one (21) days** after plaintiff's filing. Defendants may not bring any new arguments that could have been raised in this motion.

This Order terminates Docket Number 67.

**IT IS SO ORDERED.**

Dated: July 8, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] To the extent plaintiff challenges a policy or procedure that is the subject of post-judgment monitoring, the Court notes that it is reluctant to adjudicate a matter that is already before another Court.

[4] Defendants argue plaintiff should not be granted leave to amend because he already had the opportunity to allege additional facts in support of his claims and failed to do so. Specifically, the parties previously stipulated to allow plaintiff to prepare an amended complaint in response to the County's initial motion to dismiss, after which plaintiff filed the operative complaint. At the time, however, the Court had not ruled on the sufficiency of the allegations. The Court finds that further amendment following this decision would not be futile.